## Case No. 4,213.

### DUWELL v. BOHMER.

[2 Flip. 168; [1] 14 O. G. 270; 10 Chi. Leg. News.
356; 3 Cin. Law Bul. 533; Cox, Manual
Trade-Mark Cas. 351; 6 Reporter, 262; 24
Int. Rev. Rec. 254.]

Circuit Court, S. D. Ohio. April Term, 1878.

W. S. Bates, for respondent,

W. H. Fisher, for complainant,

[1] [Reported by William Searcy Flippin, Esq.,
and here reprinted by permission.]

SWING, District Judge. The demurrer is that this court has no jurisdiction of the case. The ground of the demurrer is that the parties are both residents of the state of Ohio, and that there is no act which confers upon the United States courts jurisdiction of the subject matter in such a case. The act of 1870 (Rev. St. p. 111, § 629) gives the circuit court jurisdiction of all suits under the copyright and patent laws. If the trade mark law is in any fair sense a copyright law, the act gives jurisdiction.

The only provision of the constitution which in any wise bears on the power of congress to pass laws respecting trade marks, or to protect them, is the following, viz. (section 8 of article 1 of the constitution of the United States): "The congress shall have power: to promote the progress of science and useful arts, by securing for limited times, to authors and inventors, the exclusive right to their respective writings and discoveries." "Also to make all laws which shall be necessary and proper for carrying into execution the foregoing powers." There is no other clause of the constitution which vests in congress the power to grant to authors an exclusive right to their writings, and congress in legislating on this question undoubtedly drew their power from this section.

The copyright and trade mark laws all come from the same source. So if the trade mark act of 1870 be a copyright law, then the court has jurisdiction without reference to residence or the amount in controversy. The clause or words in section 4942, of the copyright and trade mark law, viz.: "shall be liable to an action on the case for damages for such wrongful use of such trade mark, at the suit of the owner thereof; and the party aggrieved shall also have his remedy according to the course of equity to enjoin the wrongful use of his trade mark and to recover compensation

therefor in any court having jurisdiction over the person guilty of such wrongful use," does not limit this jurisdiction. But there may be a general extending of the right to sue; that is, where there is a general jurisdiction in the courts of the United States you may go into any state court. This section 4942 may be an enlargement, but is not a limitation of the jurisdiction.

But aside from this act, section 1. c. 137, of the act of March 3, 1875, provides: "That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States," etc. The clause granting jurisdiction is without limitation as to residence. It only limits the amount in controversy. The remaining clauses are wholly disjunctive.

The first three clauses are without qualification as to citizenship. Then follows the clause when there shall be controversies of citizens of different states. In the present case the right is derived exclusively from a law of the United States. In this statute no citizenship is requisite, and if, in this case, it is a suit of a civil nature at common law or in equity, the jurisdiction vests in the circuit court, whenever the amount in controversy is over $500. If the suit arises under the constitution or a law of the United States, the jurisdiction is then vested without respect to the amount.

The authorities upon the question at issue are very limited, and not a single case, in which the question has been raised, has been cited by counsel. The point at issue is argued for the first time de novo. It has been ably argued. I have looked into every book and in all reported decisions, and have been unable to find anything in which the question has been determined.

In Bump's Treatise, Law of Patents, Trade Marks, and Copyrights, it seems to be taken for granted that the circuit court has jurisdiction. I find that in the index, under the head of "Circuit Courts," is "Original jurisdiction in patent cases, page 13," "in copyright cases 13," "in trade mark cases 13," "without regard to citizenship, page 13." And he has classed it there without regard to citizenship. Turn to the pages referred to in the index, and we find a copy of the trade mark act. Turn to page 349—where he speaks of the jurisdiction—he simply copies section 4942 of the act.

When we go back to his index and look under the head of "Trade Marks," we find "Remedy in State Courts preserved." See page 250, on which page he quotes section 4945 of the statute of 1870, Rev. St. c. 2. Now, if we examine that section, we find that it provides again: "Nothing in this chapter shall prevent, lessen, impeach, or avoid any remedy at law or in equity, which any party aggrieved by any wrongful use of any trade mark might have had if the provisions of this chapter had not been enacted." So it is clear that he regards the jurisdiction which the circuit court has additional to that possessed by the state courts, and that the circuit court has jurisdiction without reference to the residence of the parties or the amount in controversy. When we come to look at the trade mark law (Rev. St. tit. 60, p. 953), we find that the title thereof is "Patents, Trade Marks and Copyrights." And then follows, "Chapter One, Patents;" "Chapter Two, Trade Marks;" "Chapter Three, Copyrights;" and the sections are numbered continuously from the beginning of chapter 1, through chapters 2 and 3.

The demurrer is overruled.